UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BRANDY WOOD, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SACRAMENTO, a municipal corporation; JASON WARREN in his individual capacity as a police officer for the Sacramento Police Department; and DOES 1-50, inclusive,<br><br>　　　　Defendants. | No. 2:20-cv-00497 WBS DB<br><br>ORDER RE: MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT |

----oo0oo----

Plaintiff Brandy Wood brought this § 1983 action against the City of Sacramento and Sacramento police officer Jason Warren, asserting various constitutional and state tort claims.  (Second Amended Complaint ("SAC") (Docket No. 16).) Plaintiff's claims arise out of an injury she suffered, and other treatment she experienced, during a protest in 2019.  (See id.) The case is now before the court on plaintiff's motion for leave

1

1 | to file a Third Amended Complaint.  (Docket No. 29.)

2 |           Once the district court has issued a pretrial
3 | scheduling order pursuant to Federal Rule of Civil Procedure 16,
4 | which establishes a timetable for amending pleadings, that rule's
5 | standards control the court's analysis of whether leave to amend
6 | a pleading should be granted.  See Johnson v. Mammoth
7 | Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  Under
8 | Rule 16, "[a] schedule may be modified only for good cause and
9 | with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "'good
10 | cause' standard primarily considers the diligence of the party
11 | seeking the amendment."  Johnson, 975 F.2d at 609.

12 |           A party seeking amendment must also show that the
13 | amendment is proper under Rule 15, see id. at 608 (citations
14 | omitted), under which leave to amend should be given "freely
15 | . . . when justice so requires," Fed. R. Civ. P. 15(a)(2).  Leave
16 | should only be denied if amendment (1) would cause prejudice to
17 | the opposing party, (2) is sought in bad faith, (3) would create
18 | undue delay, or (4) is futile.  Chudacoff v. Univ. Med. Ctr. of
19 | S. Nev., 649 F.3d 1143, 1152 (9th Cir. 2011) (citation omitted).
20 | "Because Rule 16(b)'s 'good cause' inquiry essentially
21 | incorporates the first three factors, if a court finds that good
22 | cause exists, it should then deny a motion for leave to amend
23 | only if such amendment would be futile."  J & J Sports Prods.,
24 | Inc. v. Maravilla, 2:12-cv-2899 WBS EFB, 2013 WL 4780764, at *1
25 | (E.D. Cal. Sept. 5, 2013).

26 |           Plaintiff seeks leave to amend for the sole purpose of
27 | naming Sacramento police officer Leah Antonetti as a defendant
28 | instead of officer Warren.  (See Mot. at 4 (Docket No. 29); SAC;

1   Proposed Third Amended Complaint (Docket No. 31).)  She does so
2   on the grounds that (1) Antonetti is the proper defendant and
3   (2) following an August 2020 request for production of documents,
4   defendants failed until September 2021 to produce body-worn
5   camera footage revealing that Antonetti is the correct defendant,
6   preventing plaintiff from learning this information until then.
7   (See Mot. at 2-3.)
8            In a declaration, plaintiff's counsel states that he
9   asked defendants to stipulate to leave to amend, and that
10  although defendants' counsel refused, they stated that they would
11  not oppose a motion for leave to amend.  (Decl. of Patrick Buelna
12  at ¶¶ 11-12 (Docket No. 29-4).)[1]  The deadline to file an
13  opposition has now passed, see L.R. 230, and defendants have not
14  done so.  Accordingly, good cause appearing, and because it does
15  not appear that the proposed amendment would be futile,
16  plaintiff's motion will be granted.  See Johnson, 975 F.2d at
17  609; J & J Sports Prods., 2013 WL 4780764, at *1.
18           IT IS THEREFORE ORDERED that plaintiff's Motion for
19  Leave to File a Third Amended Complaint (Docket No. 29) be, and
20  the same hereby is, GRANTED.  Plaintiff is directed to file the
21  Proposed Third Amended Complaint attached to the motion (Docket
22  No. 31) within ten days of the issuance of this Order.  The
23  hearing on the motion set for March 21, 2022 is VACATED.
24  Dated:  March 8, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1]   The parties have, however, since stipulated to dismiss Jason Warren as a defendant.  (Docket No. 32.)